**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| EBONI DESIREE SPARKS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. TDC-24-353 |
| | * | |
| BLACKDIAMOND RESTAURANT | * | |
| LLC, *et al*., | * | |
| | * | |
| Defendants. | * | |
| | * | |

*******

## REPORT AND RECOMMENDATIONS

This "Report and Recommendations" addresses the "Plaintiff's Motion for Entry of Default Judgment as to All Defendants" and memorandum of law in support thereto (collectively, "the Motion") filed by Plaintiff Eboni Sparks ("Ms. Sparks" or "Plaintiff"). (ECF Nos. 13, 13-1). In the Motion, Ms. Sparks seeks entry of default judgment against BlackDiamond Restaurant LLC ("BlackDiamond") and Emmanuel Mbah ("Mr. Mbah") (collectively, "the Defendants"). (*Id.*). No response has been filed to the Motion, and the time for responding has passed. *See* Local Rule 105.2 (D. Md. 2023). I have considered that fact, and the fact that the Defendants have not taken any action to defend against Ms. Sparks' Complaint during the life of this case.

Pursuant to 28 U.S.C. § 636 and Local Rule 301, the Honorable Theodore D. Chuang referred this matter to me to author a report and to make recommendations. (ECF No. 14). I do not believe that a hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, I ultimately recommend that the Motion, (ECF No. 13), be granted in part and denied in part.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

A.  **Factual Background[1]**

According to the Complaint, Mr. Mbah is a founding member and owner of the restaurant BlackDiamond, a limited liability company with its headquarters located in Silver Spring, Maryland. (ECF No. 1, "Complaint," ¶¶ 2, 4). Mr. Mbah was actively involved in the routine business operations of BlackDiamond and exercised control over its daily operations. (Complaint, ¶ 4).

On September 1, 2023, Mr. Mbah hired Ms. Sparks as a cocktail waitress at BlackDiamond. (Complaint, ¶¶ 1, 2, 8). Mr. Mbah had the authority to hire and fire Ms. Sparks, set the conditions of her employment, set and modify her schedule, he maintained a record of the hours she worked, he supervised Ms. Sparks, and set the rate and method of her compensation. (Complaint, ¶¶ 4, 12). Neither Mr. Mbah nor anyone at BlackDiamond ever informed Ms. Sparks of her rights under federal, state, or local wage and hour laws, including related to "tip credits" and subminimum wages. (Complaint, ¶¶ 8, 9, 11, 19, 26).

Ms. Sparks was employed by Mr. Mbah at the BlackDiamond for a little over two months, until her employment ended on November 15, 2023. (Complaint, ¶¶ 1, 8). Ms. Sparks routinely worked a 6.5-hour shift on Fridays and Saturdays, and shifts of 13-14 hours on Sundays; she did not take breaks. (Complaint, ¶ 10). On September 6, 2023 and November 15, 2023 (Wednesdays), she worked a 6- hour shift, for a total of twelve hours. (Complaint, ¶ 10). Throughout the relevant period of her employment at BlackDiamond (September 1, 2023 through November 15, 2023), Ms. Sparks was paid exclusively from gratuities (i.e., tips), and was not paid a minimum hourly

---

[1] Because this case is before the district court on a motion for entry of default judgment, the undersigned accepts as true all well-pled allegations, except those related to damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6).

wage. (Complaint, ¶¶ 4, 8, 9, 11, 19, 26).

Defendants had a policy and practice of offsetting a cocktail waitress' compensation when a customer fails to pay his/her dining bill. In effect, the cocktail waitress was held responsible to pay the full amount of any unpaid dining bill by means of a deduction to their wages/gratuities. (Complaint, ¶ 13). On September 30, 2023, Ms. Sparks earned gratuity in the amount of $1,224.00. (*Id.*). However, because the customers at a table failed to pay their bill, Defendants deducted $344.00 from the $1,224.00 that Ms. Sparks had earned, paying her a reduced gratuity. (*Id.*). On November 15, 2023, Ms. Sparks earned gratuity in the amount of $594.00. (*Id.*). However, because customers at a table failed to pay their bill, Defendants withheld Ms. Sparks' gratuity in its entirety. (*Id.*). In sum, Defendants withheld $938.00 in gratuities from Plaintiff. (Complaint, ¶ 14).

### B. Procedural Background

On February 2, 2024, Ms. Sparks filed a Complaint against the Defendants seeking payment of unpaid wages. In particular: Count I alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216(b),  specifically violation of the "tip credit" rule; Count II alleges violations of the Maryland Wage and Hour Law ("MWHL"), Md. Code. Ann., Labor & Empl. §§ 3-401, 3-419, specifically violation of Maryland's "tip credit" rules; and  Count III alleges violations of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501, 3-503, specifically failure to pay her gratuities that she earned on two dates. (Complaint,  ¶¶ 15-36).

On April 16, 2024, summonses were returned as executed, having been properly served on the Defendants on April 4, 2024. (ECF Nos. 4, 5). Thus, the deadline for Defendants to file a responsive pleading within the 21-day period provided by Federal Rules of Civil Procedure 4 and 12(a)(1)(A)(i) was April 25, 2024.

On May 1, 2024, Judge Chuang issued an Order directing Ms. Sparks to file and serve on the Defendants, within 14 days of the date of the Order, a motion for Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) or to show cause as to why such motion would be inappropriate (ECF No. 6). On May 2, 2024, Ms. Sparks filed motions for Clerk's entry of default against the Defendants pursuant to Fed. R. Civ. P. 55(a). (ECF Nos. 8, 9). Ms. Sparks represented that on April 4, 2024 the Defendants were served via private process server at their "place of business." (*Id.*). On May 7, 2024, the Clerk of the Court granted the motions by entering an order of default and issuing notices of default as to the Defendants. (ECF Nos. 9 - 11).

On June 10, 2024, Judge Chuang issued an Order directing Ms. Sparks to file and serve on the Defendants a motion for default judgment or show cause as to why such motion would be inappropriate. (ECF No. 12). On June 24, 2024, Ms. Sparks timely filed the Motion.

In the Motion[2], Ms. Sparks moves for default judgment against the Defendants in the amount of $14,878.13, further broken down as follows: (1) unpaid wages in the amount of $4,959.38; (2) liquidated damages under the FLSA and MWHL in the amount of $4,959.38; and (3) additional damages under the MWPCL in the amount of $4,959.38. (Motion, p. 1). Attached in support of the Motion are: (1) the "Declaration of Plaintiff Eboni Desiree Sparks," (ECF No. 13-2, Exhibit A, "Decl."); and (2) a spreadsheet reflecting damages calculations, (ECF No. 13-3, Exhibit B, "Spreadsheet"). To date, Defendants have never filed an Answer to the Complaint, nor have they otherwise defended against this case.

## II.    DISCUSSION

### A.  Default Judgment

Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") governs default

---

[2] The substantive arguments are contained in the memorandum. For ease, those page numbers are cited to as "the Motion."

judgments. Upon motion of a party, Rule 55(a) provides that a default judgment can be entered when a defendant fails to "plead or otherwise defend in accordance with [Rule 55]." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

When evaluating a motion for default judgment, if a party's factual allegations are unchallenged because of a defendant's unresponsiveness, a district court has the discretion to grant default judgment. *See* Fed. R. Civ. P. 55(a)–(b). In this case, more than seven months have passed since the Defendants were served with copies of the motions for default, orders of default, notices to show cause, and the Motion. (*See* ECF Nos. 7 - 11, 13). To date, neither BlackDiamond nor Mr. Mbah have filed an opposition nor otherwise defended against this case. Therefore, I find that both BlackDiamond and Mr. Mbah have been available to respond or defend against this case, yet have failed to do so. Because Defendants have been unresponsive, I recommend that the district court enter default judgment against the Defendants. *Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405-06 (D. Md. 2006) (holding that entry of default judgment was proper because defendant had been properly served with a complaint and did not respond, even after plaintiffs tried repeatedly to contact him); *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (concluding that default judgment is appropriate when defendant is "unresponsive for more than a year" after denial of motion to dismiss, even though defendant was properly served with plaintiff's motions for entry of default and default judgment); *Park Corp v. Lexington Ins. Co.*, 82 F.2d 894, 896 (4th Cir. 1987) (affirming default judgment when defendant lost summons and did not respond within the proper time period).

That being said, the undersigned also finds it prudent to also analyze whether Plaintiff has established that Defendants were her employer, and ultimately met her evidentiary burden for establishing Defendants are liable and ultimately responsible for the damages that she seeks under

the FLSA, MWHL, and MWPCL.

### B. Existence of Employer-Employee Relationship

Before establishing liability under the FLSA, the MWHL and the MWPCL, Plaintiff must first establish whether Defendants were "employers." The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. § 203(d). The MWHL and MWPCL have similar definitions for "employer." *See* Md. Code Ann., Lab. & Empl. § 3-401(b) (defining "employer" under the MWHL as "any person who acts directly or indirectly in the interest of another employer with an employee"); Md. Code. Ann., Lab. & Empl. § 3-501(b) (defining "employer" under the MWPCL as "any person who employs an individual in the State [of Maryland] or a successor of the person").

To determine whether an individual is properly deemed to be an employer under the FLSA, courts apply the "economic reality test," which requires consideration of the following non-dispositive factors: whether the alleged employer (1) had power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *See De Paredes v. Zen Nails Studio, LLC*, TDC-20-2432, 2023 WL 2207405, *4 (D. Md. Feb. 24, 2023) (citing *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3rd 62, 83 (4th Cir. 2016)). *See Gaske v. Crabcake Factory Seafood House, LLC*, Civ. No. 18-2530, 2021 WL 5326465, *2 (D. Md. Nov. 15, 2021)(holding that the "economic reality test is also used to determine whether an individual qualifies as an employer under the MWHL and MWPCL").

Construing the allegations in the well-pleaded Complaint, as true, *see Ryan, supra,* at 780-81, I find that Defendants were Plaintiff's employers. Regarding the first factor, Defendants had the authority to hire Ms. Sparks on September 1, 2023 and subsequently terminate her employment

on November 15, 2023. (Complaint, ¶¶ 1, 2, 4, 8; Decl., ¶ 1). Next, regarding the second factor, Defendants set Ms. Sparks' work schedule and determined the number of hours per shift she would work. (Complaint, ¶¶ 2, 4, 8, 10, 12; Decl., ¶¶ 2, 12). As it relates to the third factor, Defendants made the decision to pay Ms. Sparks exclusively from gratuities, and not set an hourly wage. (Complaint, ¶¶ 2, 4, 9, 11, 13; Decl., ¶¶ 3, 4). In addition, Defendants established and enforced a policy of offsetting their cocktail waitresses' compensation when a customer failed to pay their bill. (Complaint, ¶¶ 2, 4, 9, 11, 13; Decl., ¶¶ 3, 4, 12-15). Finally, regarding the fourth factor, Defendants maintained a record of Ms. Sparks' employment. (Complaint, ¶¶ 2, 4, 12). In sum, I find that BlackDiamond and Mr. Mbah were employers within the meaning of the FLSA, the MWHL, and the MWPCL. Thus, I recommend that the district court so find.[3]

### C. Liability Under Counts I, II, and III – FLSA, MWHL and MWPCL

As a preliminary matter, when seeking default judgment, Plaintiff bears the burden of establishing "the hours [that she] claims to have worked." *McLaughlin v. Murphy*, 436 F. Supp. 2d 732, 737 (D. Md. 2005). However, in the absence of any timesheets produced by a defendant, an employee may prove the total number of hours that she worked by "produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Butler v. DirectSAT USA, LLC*, 47 F.Supp. 3d 300, 309 (D. Md. 2014)(quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), *superseded by statute on other grounds as stated in Integrity Staffing Solutions, Inc. v. Busk*, 524 U.S. 27, 32-33 (2014)). One way to establish sufficient evidence is via an employee's testimony. *Hurd v. NDL, Inc.,* Civ. No. CCB-11-1944,

---

[3] In the Motion, Plaintiff also argues that she is not an independent contractor. (Motion, pp. 6-9). However, Plaintiff does not clearly argue that Defendants misclassified her as in independent contractor. (*Id.*). Relatedly, because Defendants have failed to respond to the Complaint or otherwise defend against the lawsuit, there is no such argument before me. Accordingly, because I have already found that Plaintiff has met her burden to establish an employer-employee relationship between herself and the Defendants, I need not analyze whether Plaintiff is an independent contractor.

2012 WL 642425, at * 4 (D. Md. Feb. 27, 2012).

      1.   <u>Failure to Pay a Minimum Wage and Tip Credit: Counts I and II</u>

Plaintiff alleges that the Defendants violated the FLSA and the MWHL when they did not pay her a minimum wage, and instead only paid her gratuities (tips). (Motion, pp. 2, 6). Both the FLSA and MWHL require that employers pay non-exempt employees a minimum wage for all hours worked. *See* 29 U.S.C. § 206(a); Md. Code Ann., Lab. & Empl. § 3-413(b)(1).

It is worth noting that both the FLSA and MWHL provide a "tip credit" for an employer whose workers receive tips. *See* 29 U.S.C. § 203(m)(FLSA); Md. Code Ann., Lab. & Empl. § 3-419(MWHL). An employer may avail itself of the "tip credit" provision when: (1) the employee earns more than $30 per month in tips; (2) the employer pays the employee an hourly wage of $2.13 per hour under the FLSA or $3.63 per hour under the MWHL; (3) the employer informs the employee of their rights under theses statutes; and (4) the employee is allowed to keep all of the tips they received. (*Id)*; *see also Su v. Spearman, Inc.*, Civ. No. TDC-20-3585, 2024 WL 665445, at *11 (D. Md. Feb. 16, 2024); *Portillo v. H Restaurant and Night Club, et al.,* Civ. No. PX-21-2984, 2024 WL 1256265, at *6 (D. Md. March 25, 2024). An employer must satisfy all four elements of the test in order to receive the tip credit and avoid an obligation to pay the full minimum wage to an employee. *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1997); *see also* 29 U.S.C. § 203(m)(2)(A)(under the FLSA, "[a tip credit is not allowed] unless such employee has been informed by the employer of the [tip credit] provisions."); Md. Code Ann., Lab. & Empl. § 3-419(a)(1)(ii).

In the instant case, Plaintiff submitted with the Motion a Declaration that sets forth the total number of hours that she worked per week as a cocktail waitress during the period of employment with the Defendants (September 1, 2023 - November 15, 2023). (Decl., ¶¶ 1, 12, 14, 15; Exhibit

B, Spreadsheet). Plaintiff declares that she worked a total of 303 hours, but was only paid gratuities and not a regular wage or an hourly wage. (Decl., ¶¶ 3, 15). Defendants did not inform her of her statutory rights to a minimum wage, nor did they inform her of the tip credit rules. (Decl., ¶¶ 3, 4). Indeed, because Defendants have never responded to this lawsuit this litigation, there is no evidence that they complied with any or all of the requirements to be eligible for the tip credit provision. On this record, then, because Plaintiff did not receive tip credit notice, she is "entitled to recover unpaid minimum wages at the rates described in the MWHL…regardless of whether [she] actually received and kept tips earned." *Butler, et al. v. PP&G, et al.*, Civ. No. JRR-20-3084, 2023 WL 3580374, at *4 (D. Md. May 22, 2023).

Accordingly, I find that Defendants are not entitled to receive the tip credit and they are liable for unpaid minimum wages owed to Plaintiff pursuant to the FLSA and MWHL.

## 2. Failure to Pay Minimum Wage: Count III

Plaintiff alleges that Defendants violated the MWPCL by failing to pay her all of the gratuities that she earned on September 30 and November 15, 2023. Specifically, Defendants illegally offset her wages by deducting the amount of unpaid customer checks from sums due to her as gratuities. (Motion, p. 2).

As a preliminary matter, the MWPCL's definition of "wages" includes "all compensation that is due to an employee for employment." Md. Code Ann., Lab. & Empl. § 3-501(c). Thus, I find that gratuities are wages under the MWPCL. In addition, the MWPCL requires;

> an employer to pay an 'employee all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated.'

*Vanegas v. Diaz Granados, Inc.*, Civ. No. PWG-15-2298, 2017 WL 345855, at *3 (D. Md. Jan. 24, 2017)(quoting Md. Code Ann., Lab. & Empl. § 3-505(a)).

The MWPCL also makes clear that:

> an employer may not make a deduction from the wage of an employee unless the deduction is: (1) ordered by a court of competent jurisdiction; (2) authorized expressly in writing by the employee; (3) allowed by the Commissioner because the employee has received full consideration for the deduction; or (4) otherwise made in accordance with any law or any rule or regulation issued by a governmental unit.

Md. Code Ann., Lab. & Empl. § 3-503; *see also Chavez* v. *Besie's Corp.*, Civ. No. GJH-14-1338, 2014 WL 5298032, at *2 (D. Md. Oct. 10, 2014).

In the instant case, Plaintiff's Declaration reflects that, on at least two occasions (September 30, 2023 and November 15, 2023), she was told that she would not be allowed to keep all of her tip money because customers failed to pay their bills. (Decl., ¶¶ 3, 13). This is not one of the permissible bases to make a deduction. *See* Md. Code Ann., Lab. & Empl. § 3-503; *see also Chavez*, 2014 WL 5298032, at *2. Plaintiff was not paid this money before she left Defendants' employment. (Decl., ¶¶ 13-15). Accordingly, I find that Defendants are not entitled to offset her wages by deducting amounts associated with unpaid customer check, and they are liable for the gratuities that they failed to pay her before she left her job under the MWPCL.

In sum, I find that Plaintiff has established Defendants' liability for violating the FLSA, MWHL and MWPCL. I recommend that the district court find that the Defendants' failure to inform the Plaintiff of the tip credit provision, pay her a base hourly rate, and allow her to keep her all of her tips, constitute willful violations of these statutes.

## III.  DAMAGES

Although liability has been established, any allegation concerning the amount of damages is not deemed admitted just because a defendant fails to deny in a required responsive pleading. Fed. R. Civ. P. 8(b)(6).  Thus, in a default judgment scenario, "'[c]laims for damages must generally

be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed.'" *Trustees of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, Civ. No. ELH-11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011).

However, if the record supports the damages requested, then a court may award damages without a hearing. *See Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, Civ. No. NKM-09-0004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding that no evidentiary hearing on damages is needed based on moving party's affidavit and printout submissions establishing amount of damages sought); *DirecTV, Inc. v. Yancey*, Civ. No. MFU-404-11, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that where sufficient evidence exist to support damages, "[a] hearing in open court is not required").

Finally, the type and amount of damages that may be entered as a result of a party's default are limited to the amount that is demanded in a party's pleadings. Fed. R. Civ. P. 54(c).

Here, Plaintiff seeks damages as follows: (1) unpaid wages in the amount of $4,021.38 (Counts I-II); (2) unpaid wages in the amount of $938.00 (Count III); (3) liquidated damages under the FLSA in the amount of $4,959.38 ($4,021.38 for Counts I-II and $938.00 for Count III); and (4) an equal amount of liquidated damages under the MWPCL, namely, $4,959.38, which Plaintiff asserts is ($4,021.38 for Counts I-II and $938.00 for Count III). (Motion, pp. 2, 9, 11, 14, 15). In total, Plaintiff seeks $14,878.13.

**A. Actual Damages**

    1.  <u>Unpaid Wages Pleaded in the Complaint: Counts I-II</u>

As previously held, the Defendants failed to pay the Plaintiff a minimum wage in accordance with the FLSA and MWHL. When assessing damages, the Court applies the highest applicable minimum wage. *See Portillo, supra,* 2024 WL 1256265, at *11. Here, the Court will

use the State minimum wage of $13.25 per hour. *Compare* 29 U.S.C. § 206(a)(1) to Md. Code. Ann., Lab. & Empl. § 3-413(b)(1).

In the Complaint, Plaintiff argues that, based on the hours that she worked, she is due unpaid wages in "the approximate amount" of $3,948.50. (Complaint, ¶¶ 10, 11, 28). However, in the Motion, Plaintiff seeks unpaid wages in the amount of $4,021.38. (*See e.g.,* Motion, p. 2). The difference between these two figures may be based on the Plaintiff working "13 to 14 hours" on Sundays, as plead in the Complaint. (Complaint, ¶ 10). Whereas, in the Motion, Plaintiff declares that she worked "about 13.5 hours" on Sundays. (Decl., ¶ 12). That being said, the discrepancy amounts to a difference of $72.88 (5.5 hours of work at $13.25 per hour). Plaintiff's uncontroverted evidence is that she is due unpaid wages in the amount $4,021.38 for 303.5 hours of work performed from September 1, 2023 to November 15, 2023. (Decl., ¶¶ 1, 15; Spreadsheet).

Accordingly, the undersigned recommends that the district court award the Plaintiff damages for unpaid minimum wages, during the relevant time period, as reflected below:

| Total number of hours worked | State minimum wage | Total unpaid minimum wages |
| --- | --- | --- |
| 303.5 hours | $13.25 per hour | $4,021.38 |

*See Pentech*, 2009 WL 1872535, at *2.

### 2. Unpaid Wages Pleaded in the Complaint: Count III

As previously held, the Defendants failed to pay the Plaintiff gratuities on two occasions, withholding these amounts from payments made in violation of the MWPCL. Specifically, Plaintiff's uncontroverted evidence is that she is due $938.00 in unpaid gratuities for September 30, 2023 ($344.00) and November 15, 2023 ($594.00). (Decl., ¶¶ 13-15; Spreadsheet). Because these gratuities are "wages" under the MWPCL, I recommend that they also be awarded to Plaintiff.

3.  Total Amount of Unpaid Wages

In sum, for Counts I–III, the undersigned recommends that the district court award the Plaintiff actual damages in the amount of $4,959.38 ($4,021.38 for unpaid minimum wages and $938.00 for unpaid gratuities).

**B.  Enhanced Damages**

Plaintiff seeks liquidated damages under the FLSA in the amount of $4,959.38. (*See* Motion, pp. 9, 14, 15; Spreadsheet). Plaintiff also seeks an equal amount of liquidated damages under the MWPCL, i.e., $4,959.38. (*See* Motion, pp. 14, 15).  In short, Plaintiff seeks liquidated damages in the amount of $9,918.76 ($4,959.38 + $4,959.38).

1.  Liquidated Damages

a.  *The FLSA and MWHL (Counts I and II)*

The Fourth Circuit has routinely upheld courts' awards of liquidated damages where the FLSA has been violated. *McCoy v. Transdev Services, Inc.,* Civ. No. DKC-19-2137, 2022 WL 951996, at *14 (D. Md. Mar. 30, 2022)(citing *Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997)).

Both the FLSA and the MWHL provide that if an employer violates these statutes, the employer shall be liable to the employee for the amount of unpaid wages, plus an equal amount of "liquidated damages." *See* 29 U.S.C. § 216(b); Md. Code. Ann., Lab. & Empl. §3-427(d)(1)(ii). In addition, both statutes provide that a court enjoys discretion to not award liquidated damages-- or to reduce such an award-- if an employer demonstrates that it acted in "good faith." 29 U.S.C. § 260; Md. Code. Ann., Lab. & Empl. § 3-427(d)(2).

Through their failure to respond to or otherwise defend against this action, Defendants have not shown that their non-payment of the unpaid wages was in good faith, nor have they shown that they had reasonable grounds to believe that they were not violating the FLSA.

Accordingly, the undersigned recommends that the district court award the Plaintiff liquidated damages for unpaid wages under the FLSA in the amount of $4,021.38 for Counts I-II.

b.  *The MWPCL: Damages (Count III)*

Plaintiff also seeks "liquidated" damages under the MWPCL in the total amount of $4,959.38, which she alleges represents $4,021.38 (for unpaid minimum hourly wages) and $938.00 (for unpaid gratuities).

The MWPCL states that "if [...] a court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage [...]." *See* Md. Code. Ann., Lab. & Empl. § 3-507.2(b).

As a preliminary matter, in Count III of the Complaint, Plaintiff specifically pleaded that "Defendants are liable to Plaintiff pursuant to the MWPCL for the unpaid wages ($938.00)," and sought  "an additional amount equal to double the unpaid wages as liquidated damages ($938.00), a total of $2,814.00." (Complaint, ¶ 35). Put another way, Plaintiff did not seek treble damages for unpaid wages associated with Counts I-II ($4,021.38); rather, she only pleaded them with respect to Count III ($938.00).  Fed. R. Civ. P. 54(c) makes clear that the type and amount of damages that may be entered as a result of a party's default are limited to the amount that is demanded in a party's pleadings. Thus, I recommend that the district court find that, if enhanced damages are also appropriate, then for Count III, it award them in an amount not to exceed $2,814.00.

That being said, in the District of Maryland, it is well established that a plaintiff is "entitled to recover liquidated damages under the FLSA or treble damages under the [MWPCL], but not both." *Quiroz v. Wilhelm Com. Builders, Inc.*, Civ. No. WGC-10-2016, 2011 WL 5826677, at *3 (D. Md. Nov, 17, 2011)). There is a concern that "the courts can and should preclude double

recovery by an individual." *General Tel. Co. v. EEOC,* 446 U.S. 318, 333 (1980). *See also Butler v. DirectSat USA, LLC,* No. DKC 10–2747, 2011 U.S. Dist. LEXIS 72341, at *24, 2011 WL 2669349 (D. Md. Jul. 6, 2011) ("Ultimately Plaintiffs will not be able to recover twice for the same injury...."). If the Defendants withheld Plaintiff's wages under Count III in the absence of a bona fide dispute, a court it **may, but does not have to,** award an employee up to treble damages. *Admiral Mortgage, Inc. v. Cooper,* 357 Md. 533, 547, 745 A.2d 1026, 1033 (2000); *see also* Md. Code Ann., Lab. & Empl. § 3–507.2(b) (2010) (emphasis added).

In this District, some courts have awarded both liquidated damages under the FLSA and treble damages under the MWPCL if a plaintiff provides evidence of consequential damages suffered because of the underpayments or failure to pay wages. *See, e.g., Portillo, supra*, 2024 WL 1256265, at *12; *Ramirez v. 316 Charles,* LLC, Civ. No. SAG-19-3252, 2020 WL 7398807, at *9 (D. Md. Dec. 17, 2020)(quoting *Sanabria v. Cocody, Inc.,* Civ. No. DKC-16-365, 2017 WL 3022990, at *4 (D. Md. July 17, 2017)); *see also Clancy v. Skyline Grill, LLC*, Civ. No. ELH-12-1598, 2012 WL 5409733, at *8 (D. Md. Nov. 5, 2012); *see also Villatoro v. CTS & Assocs., Inc.*, Civ. No. DKC-14-1978, 2016 WL 2348003, at *3 (D. Md. May 4, 2016).

Here, Plaintiff alleges that the Defendants' failure to pay her a minimum wage "had an impact on [her] finances." Plaintiff states that she "was not able to pay her bills on time and was forced to use what little savings her family had to make up the shortfall." Plaintiff further states that in March 2024, approximately five months after her termination, she and her family "had to relocate to New York for financial reasons as [they] could no longer afford where [they] were staying." (Decl., ¶ 14). Plaintiff has met her burden in proving consequential damages as result of the Defendants failure to pay her minimum wages. However, because of what she pleaded in Count III of the Complaint, consistent with Fed. R. Civ. P. 54(c), I recommend that the district court

award treble damages in the amount of $2,814.00.

      c. *Total Amount to Be Awarded*

In sum, the undersigned recommends that the Court award a total amount of $11,794.76.

**C. Attorneys' Fees and Costs.**

Plaintiff seeks leave to file a motion for attorneys' fees and other associated costs within 14 days of the date that the district court enters judgment in her favor. (Motion, p. 1).

Both the FLSA and the MWPCL allows for a prevailing plaintiff to be awarded reasonable attorney's fees and costs if wages were not legitimately withheld by an employer as a result of a bona fide dispute. *See* 29 U.S.C. § 216(b); Md. Code Ann., Lab. & Empl. § 3-507.2(b). Because Defendants have put forth no evidence that a bona fide dispute existed, Plaintiff may be awarded reasonable attorney's fees and costs associated with enforcing this judgment.

Accordingly, I recommend that the district court allow Plaintiff to file a separate motion which establishes the reasonable attorneys' fees and costs owed within 14 days from the date that the district court enters judgment in her favor, provided that said motion is filed pursuant to Fed. R. Civ. P. 54(d)(2)(B) and in conformity with the Court's Local Rules (D. Md. 2023). *See* Loc. R. 109.2.b; App'x B.

**IV.  CONCLUSION**

In sum, I respectfully recommend that the district court:

1) **GRANT IN PART AND DENY IN PART**, Plaintiff's motion for default judgment, (ECF No. 13);

2) **ORDER** that default judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, as follows:

    a.  Unpaid wages in the amount of $4,021.38 under the FLSA, the MWHL, and the

MWPCL; and

    b.  Unpaid gratuity in the amount of $938.00 under the FLSA, the MWHL, and the MWPCL; and

    c.  liquidated damages under the FLSA in the amount of $4,021.38; and

    d.  treble damages under the MWPCL in the amount of $2,814.00.

3) **ORDER** that Plaintiff's counsel provide, within fourteen (14) days of the date that the district court enters judgment in Plaintiff's favor, a motion for attorneys' fees and other associated costs.

Date: February 10, 2025

                               /s/
                          The Honorable Gina L. Simms
                          United States Magistrate Judge