IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| EBONI DESIREE SPARKS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. TDC-24-353 |
| | * | |
| BLACKDIAMOND RESTAURANT LLC, *et al*., | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | ******* | |

**REPORT AND RECOMMENDATIONS – ATTORNEYS' FEES AND COSTS**

This "Report and Recommendations" addresses the "Plaintiff's Motion for an Award of Attorney's Fees and Costs" and memorandum of law in support thereto (collectively, "the Motion") filed by Plaintiff Eboni Sparks ("Ms. Sparks" or "Plaintiff"). (ECF Nos. 19, 19-1). In the Motion, Ms. Sparks moves for a judgment of attorneys' fees and costs against BlackDiamond Restaurant LLC ("BlackDiamond") and Emmanuel Mbah ("Mr. Mbah") (collectively, "the Defendants"). (*Id.*). No response has been filed to the Motion, and the time for responding has passed. *See* Local Rule 105.2 (D. Md. 2025). I have considered that fact, and the fact that the Defendants have not taken any action to defend against Ms. Sparks' Complaint during the life of this case.

Pursuant to 28 U.S.C. § 636 and Local Rule 301, the Honorable Theodore D. Chuang referred this matter to me to author a report and to make recommendations. (ECF No. 20). I do not believe that a hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, I ultimately recommend that the Motion, (ECF No. 19), be granted in part and denied in part.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

A. **Factual Background**

Mr. Mbah is a founding member and owner of the restaurant BlackDiamond, a limited liability company with its headquarters located in Silver Spring, Maryland. (ECF No. 1, "Complaint," ¶¶ 2, 4).

On September 1, 2023, Mr. Mbah hired Ms. Sparks as a cocktail waitress at BlackDiamond. (Complaint, ¶¶ 1, 2, 8). Ms. Sparks was employed by Mr. Mbah at the BlackDiamond for a little over two months, until her employment ended on November 15, 2023. (Complaint, ¶¶ 1, 8). Throughout the relevant period of her employment at BlackDiamond (September 1, 2023 through November 15, 2023), Ms. Sparks was paid exclusively from gratuities (i.e., tips), and was not paid a minimum hourly wage. (Complaint, ¶¶ 4, 8, 9, 11, 19, 26).

Defendants had a policy and practice of offsetting a cocktail waitress' compensation when a customer fails to pay his/her dining bill. In effect, the cocktail waitress was held responsible to pay the full amount of any unpaid dining bill by means of a deduction to their wages/gratuities. (Complaint, ¶ 13). On September 30, 2023, Ms. Sparks earned gratuity in the amount of $1,224.00. (*Id.*). However, because the customers at a table failed to pay their bill, Defendants deducted $344.00 from the $1,224.00 that Ms. Sparks had earned, paying her a reduced gratuity. (*Id.*). On November 15, 2023, Ms. Sparks earned gratuity in the amount of $594.00. (*Id.*). However, because customers at a table failed to pay their bill, Defendants withheld Ms. Sparks' gratuity in its entirety. (*Id.*). In sum, Defendants withheld $938.00 in gratuities from Plaintiff. (Complaint, ¶ 14).

B. **Procedural Background**

On February 2, 2024, Ms. Sparks filed a Complaint against the Defendants seeking payment of unpaid wages. In particular: Count I alleges violations of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. §§ 201-216(b), specifically violation of the "tip credit" rule; Count II alleges violations of the Maryland Wage and Hour Law ("MWHL"), Md. Code. Ann., Labor & Empl. §§ 3-401, 3-419, specifically violation of Maryland's "tip credit" rules; and Count III alleges violations of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501, 3-503, specifically failure to pay her gratuities that she earned on two dates. (Complaint, ¶¶ 15-36).

On April 16, 2024, summonses were returned as executed, having been properly served on the Defendants on April 4, 2024. (ECF Nos. 4, 5). Thus, the deadline for Defendants to file a responsive pleading within the 21-day period provided by Federal Rules of Civil Procedure 4 and 12(a)(1)(A)(i) was April 25, 2024.

On May 1, 2024, Judge Chuang issued an Order directing the Plaintiff to file and serve on the Defendants, within 14 days of the date of the Order, a motion for Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) or to show cause as to why such motion would be inappropriate. (ECF No. 6). On May 2, 2024, the Plaintiff filed motions for Clerk's entry of default against the Defendants pursuant to Fed. R. Civ. P. 55(a). (ECF Nos. 8, 9). Plaintiff represented that on April 4, 2024 the Defendants were served via private process server at their "place of business." (*Id.*). On May 7, 2024, the Clerk of the Court granted the motions by entering an order of default and issuing notices of default as to the Defendants. (ECF Nos. 9 - 11).

On June 10, 2024, Judge Chuang issued an Order directing the Plaintiff to file and serve on the Defendants a motion for default judgment or show cause as to why such motion would be inappropriate. (ECF No. 12). On June 24, 2024, the Plaintiff timely filed the "Plaintiff's Motion for Entry of Default Judgment as to All Defendants," ("Motion for Default Judgment"). (ECF No. 13). On June 25, 2024, Judge Chuang referred the Plaintiff's Motion for Default Judgment to the undersigned to author a report and make recommendations. (ECF No. 14).

On February 10, 2025, the undersigned issued her "Report and Recommendations" and Letter Order related to the Plaintiff's Motion for Default Judgment. (ECF Nos. 15, 16). On February 17, 2025, the Plaintiff filed a Certificate of Service reflecting that a copy of the Report and Recommendations was mailed to the Defendants. (ECF No. 17). The 14-day deadline for any party to make a written objection passed without any filing.

On February 28, 2025, the district court issued an Order adopting the undersigned's Report and Recommendation as an Order of the Court. (ECF No. 18). Specifically, the motion for default judgment was granted in part and denied in part, and Plaintiff was awarded $11,794.76: (a) unpaid wages in the amount of $4,021.38, under the FLSA, MWHL, and MWPCL; (b) unpaid gratuities in the amount of $938.00, under the FLSA, MWHL, and MWPCL; (c) liquidated damages in the amount of $4,021.38, under the FLSA; and (d) treble damages in the amount of $2,814.00, under the MWPCL. (*Id*.).

On March 14, 2025, Plaintiff filed "Plaintiff's Motion for an Award of Attorney's Fees and Costs," ("the Motion"). (ECF No. 19). On March 20, 2025, the district court referred the Motion to undersigned to author a report and make recommendations. (ECF No. 20).

On April 4, 2025, Plaintiff filed the "Plaintiff's Motion to Reduce Award of Damages to a Judgment." (ECF No. 21). On April 8, 2025, the district court issued an Order granting the motion and entered judgment against Defendants, jointly and severally, in the amount of $11,794.76. (ECF No. 22).

On April 25, 2025, Plaintiff filed the "Plaintiff's Notice of Supplemental Authority Related to Her Motion for Attorneys' Fees and Costs." (ECF No. 23). To date, Defendants have never filed a response or an opposition, nor have they otherwise defended against this case.

## II. ATTORNEYS' FEES AND COSTS SOUGHT

The Motion requests attorneys' fees in the amount of $7,398.70 and costs in the amount of $835.95. (ECF Nos. 19, 19-1). Attached in support of the Motion are: (1) "Melehy & Associates, LLC's Schedule of Attorneys' Fees" ("the Schedule"); (2) Declaration of Omar Melehy ("Melehy Declaration"); (3) Declaration of Nicholas Woodfield ("Woodfield Declaration"); (4) a document entitled "Summary of Costs;" and (5) a document entitled "2021 Real Rate Report from Wolters Kluwer." (ECF Nos. 19-3 through 19-7). The request for $7,398.70 is predicated on a total of 23.3 hours of work. (ECF No. 19-3).[1] The Motion identifies the following events, hours, and fees requested:

| Description of Event | Total Hours | Fees Requested |
|---|---|---|
| Pre-Filing Investigation | 3 | $1,276.50 |
| Pleadings | 2.6 | $1,330.50 |
| General Case Management | 5.3 | $1,331.00 |
| Motion for Default Judgment | 7.9 | $1,887.00 |
| Settlement | 0.7 | $228.00 |
| Fee Petition | 3.8 | $1,365.00 |
| TOTAL INCURRED (prior to "exercising billing judgment") | 23.3 | $9,376.50 |
| **TOTAL SOUGHT (after "exercising billing judgment")** | 17.6[2] | $7,398.00 |

---

[1] The undersigned notes that 0.3 hours were recorded for Mr. Veras, but counsel is not seeking reimbursement for his services. (ECF No. 19-3, p. 2). In addition, Mr. Veras is not identified as a timekeeper in the Melehy Declaration. (*See* ECF No. 19-4).

[2] A total of 5.7 hours were not billed. 23.3 - 5.7 = 17.6 hours. (*See* ECF No. 19-3).

5

Counsel asserts that they exercised "billing judgment" and made deductions to "entries that were duplicative, redundant or unnecessary, or were clerical in nature," which they allege reduced the amount of fees sought from $9,376.50 to $7,398.00. (*See* ECF No. 19-4, ¶ 27).[3]

Regarding costs, the summary chart identifies five different categories of reimbursement sought: photocopies; postage; online research; filing fee; and service of process. (ECF No. 19-6). The specific dollar amounts associated with each category is identified, totaling $835.95. (*Id.*).

After filing the Motion, the Plaintiff filed "Plaintiff's Notice of Supplemental Authority Related to Her Motion for Attorneys' Fees and Costs," citing to the Fourth Circuit's April 15, 2025 decision in *De Paredes v. Zen Nails Studio, LLC*. (ECF No. 23).

### III.  DISCUSSION

Both the FLSA and the MWPCL allows for a prevailing plaintiff to be awarded reasonable attorney's fees and costs if wages were not legitimately withheld by an employer as a result of a bona fide dispute.  *See* 29 U.S.C. § 216(b)[4]; Md. Code Ann., Lab. & Empl. § 3-507.2(b).  A plaintiff is a "prevailing party" if he/she succeeds "on any significant issue in litigation which achieves some of the benefit […] sought in bringing suit." *Hensley v. Eckerhart et al.*, 461 U.S. 424, 433 (1983).  Because judgment has been entered in Plaintiff's favor, she is indisputably the "prevailing party" entitled to attorney's fees.

The amount awarded for fees and costs is discretionary. *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984); s*ee also Randolph v. Powercomm Construction, Inc.*, 715 Fed. App'x 227, 230 (4th Cir. 2017).

---

[3] The 5.7 hours of non-billable work comes to a sum of $1,978.50 of non-billable fees. $9,376.50 - $1,978.50 = $7,398.00. A reduction of approximately 21%.
[4]  In an FLSA action, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

## A. Attorneys' Fees

It is well settled that "the amount of attorney's fees to be awarded in any case is "left to the discretion of the [court]." *Johnson v. O'Connell & Laurence, Inc.*, Civ. No. DKC-21-2468, 2022 WL 1620014, at *2 (D. Md. May 23, 2022). To calculate the award of attorneys' fees, a court must first determine the lodestar amount, which involves two steps. First, a court analyzes the "reasonable hourly rate," and second, the court considers that rate and then "[multiplies it] by the hours reasonably expended." *Grisson v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *see also Hensley,* 461 U.S. at 433. The lodestar amount is determined by applying several factors. The Fourth Circuit has found that a court's discretion in finding the reasonable hourly rates and hours expended should be guided by the following twelve factors, which were articulated in *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds, Blanchard v. Bergeron,* 489 U.S. 87 (1989)):

> (1) the time and labor expended; (2) novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).

### 1. Hourly Rates: The Law

To determine the reasonableness of an attorney's hourly rate, courts analyze whether the rate sought is consistent with the rate that prevails in the community for "similar legal services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S.

886, 890 n.11 (1984). While a court may rely upon affidavits from attorneys opining on the reasonableness of requested rates, *see, e.g., Poole ex. Rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509-10 (D. Md. 2000), a court may also, as part of its analysis, rely upon its knowledge of the Maryland market. *De Paredes*, 134 F.4th 750, 754 (4th Cir. 2025).

In this District, courts often begin their analysis with "United States District Court for the District of Maryland: Local Rules, Appendix B, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases ("the Guidelines" or "Loc. R. App. B"). The Fourth Circuit has recently held that a court "may consider, but is not bound by" the Guidelines. *De Paredes,* 134 F.4th at 754 (4th Cir. 2025)(citing *Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 229 (4th Cir. 2009)). Thus, when a court is faced with a fee petition and is determining whether a fee rate is "reasonable," it may not treat the Guidelines as "'presumptively reasonable' and require special justification to deviate from [them]." *De Paredes*, 134 F.4th at 754 (4th Cir. 2025) (further citations omitted). Rather, a court "must consider all relevant evidence to determine 'the prevailing market rates in the relevant community'. . . including lawyer affidavits, fee awards in similar cases, general surveys, fee matrices, and even its 'own personal knowledge.'" *(Id.)*.

   2. *Hourly Rates*

The Schedule identifies work performed by two senior attorneys (Mr. Omar Melehy and Ms. Suvita Melehy), an associate attorney (Mr. Andrew Balashov), and paralegals (Ms. Emily Wilson, Ms. Abril Tingey-Espinosa, and Mr. Felipe Veras).

   a. *Omar Vincent Melehy*

The undersigned finds that Mr. Melehy has been practicing law for more than 38 years, and has extensive experience in the field of employment law, including wage and hour violations. (Melehy Declaration, ¶¶ 1-16, 22). Mr. Melehy's hourly rate for this case is $675.00, and is

8

$200.00 above the high end of the current applicable range in the Guidelines. *See* Loc. R. App. B., ¶ 3e.

      b. *Suvita Melehy*

The undersigned finds that Ms. Melehy has been practicing law for more 29 years, and has extensive experience in the field of wage and hour law. (Melehy Declaration, ¶ 18). Ms. Melehy's hourly rate for this case is $625.00, which is $150.00 above the highest rate in the applicable range of the current Guidelines *See* Loc. R. App. B., ¶ 3e.

      c. *Andrew Balashov*

The undersigned finds that Mr. Balashov has been practicing law for 9 years, and has experience in the field of wage and hour litigation and employment discrimination. (Melehy Declaration, ¶ 17). Mr. Balashov's hourly rate for this case is $450.00, which is $100.00 higher than the current applicable range in the Guidelines. *See* Loc. R. App. B., ¶ 3c.

      d. *Paralegals*

The undersigned finds that two paralegals billed hours related to this case: Emily Wilson and Abril Tingey-Espinosa. (Melehy Declaration, ¶¶ 19, 20). Ms. Wilson is a Senior Paralegal, who has been employed by the Melehy's firm since August of 2021, and has a bachelor's degree. (*Id.* at ¶ 19). No information was provided as to how many years Ms. Wilson has worked as a paralegal. Ms. Wilson's hourly rate for this case is $240.00, which is $90.00 above the highest number in the range applicable for paralegals. *See* Loc. R. App. B., ¶ 3f.

Ms. Tingey-Espinosa was employed by the Melehy's firm as a bilingual Paralegal from October of 2023 until August of 2024, and has a bachelor's degree. (Melehy Declaration, ¶ 19). No information was provided as to how many years Ms. Tingey-Espinosa has worked as a paralegal. Ms. Tingey-Espinosa's hourly rate for this case is $240.00, which is $90.00 above the

highest number in the range applicable for paralegals. *See* Loc. R. App. B., ¶ 3f.

      e. *Analysis*

The undersigned has analyzed the *Johnson* factors, the supporting documentation submitted by Plaintiff, the hourly rates set forth in the Guidelines, and the relevant caselaw. Because the undersigned cannot "require special justification" for rates deviating from the Guidelines, the undersigned declines to recommend that the district court lower the hourly billing rates for Mr. Melehy, Ms. Melehy, or Mr. Balashov. *See De Paredes*, 134 F.4th at 754.

However, because no information has been provided about the number of years that Ms. Wilson and Ms. Tingey-Espinosa have worked as paralegals, the undersigned cannot assess whether they possess skills and experience comparable to other paralegals within this District. *See De Paredes*, 134 F.4th at 754. Thus, the Court cannot find their rates to be reasonable. Accordingly, the undersigned recommends that their hourly rates be reduced from $240.00 per hour to $150.00 per hour.

    3. *Hours Expended: The Law*

As held above, at the second step of the lodestar process, a court must determine whether the number of hours worked by counsel and the paralegals is reasonable.

The Motion is supported by a detailed spreadsheet itemizing all legal tasks performed and billed, and there is the declaration of Omar Melehy, Esq. (ECF Nos. 19-3, 19-4). In addition, the Plaintiff's Motion is supported by the declaration of Nicolas Woodfield, who reports familiarity with the Melehy law firm, and the prevailing market rates in this locality. (ECF No. 19-5).

    4. *Analysis of Hours Billed*

As a preliminary matter, the undersigned takes into consideration counsel's representation that 5.7 hours of legal work were not billed, which equals $1,978.50 and amounts to a reduction

of approximately 21% in attorneys' fees.[5]

Next, the undersigned applied the pertinent *Johnson* factors to the facts of this case. As further outlined below, the undersigned is largely satisfied that the requested attorneys' fees are reasonable and appropriate, with one exception. *See* Section III.A.4.e.

Finally, the undersigned recommends adjustments to the hourly rates claimed due to insufficient information about the paralegals' experience. *See* Section III.A.2.e.

    a. *Pre-Filing Investigation*

Plaintiff requests a fee in amount of $1,276.50 related to "pre-filing investigation." Counsel asserts the hours expended (3 hours) were in relation to investigating the viability of the Plaintiff's claims and the "nature and extent of the wage violations." (Motion, pp. 10-11).

| Timekeeper | Date | Hours Expended | Hours Billed | Amount Billed |
|---|---|---|---|---|
| Omar Melehy | 12/8/2023 | 1.6 | 1.5 | $1,012.50 |
| Abril Tingey-Espinosa | 12/12/2023 | 1.4 | 1.1 | $264.00 |
| **Total Amount Billed** | | | | $1,276.50 |

The undersigned finds that the entries in this category are descriptive enough and appear to be reasonable. However, the undersigned recommends that the hourly rate associated with Ms. Tingey-Espinosa should be reduced from $264.00 to $165.00 (by $99.00), reflecting the reduced hourly rate of $150.00 per hour. Multiplying 1.1 hours times the adjusted rate results in an amount billed of $165.00, and ultimately results in a final amount of **$1,177.50**.

    b. *Pleadings*

Plaintiff requests a fee in amount of $1,330.50 related to "pleadings." Counsel asserts the hours expended (2.6 hours) were in relation to drafting the Complaint. (Motion, p. 11). The nine-page Complaint was filed on February 2, 2024. (ECF No. 1).

---

[5] *See, supra*, n. 2, n.3.

| Timekeeper | Date | Hours Expended | Hours Billed | Amount Billed |
|---|---|---|---|---|
| Omar Melehy | 12/8/2023 | 1.2 | 1.2 | $810.00 |
| Abril Tingey-Espinosa | 12/11/2023 | 0.2 | 0.0 | $0.00 |
| Omar Melehy | 12/29/2023 | 0.7 | 0.7 | $472.50 |
| Emily Wilson | 2/1/2024 | 0.4 | 0.2 | $48.00 |
| Emily Wilson | 2/2/2024 | 0.1 | 0.0 | $0.00 |
| **Total Billed by Attorney(s)** | | | | $1,282.50 |
| **Total Billed by Paralegal(s)** | | | | $48.00 |
| **Total Amount Billed** | | | | $1,330.50 |

The undersigned finds that the well-pled Complaint relates only to one plaintiff and is not particularly complex. Thus, it is appropriate that only one attorney timekeeper participated in drafting the pleading. The undersigned further finds that the entries in this category are descriptive enough and appear to be reasonable. However, the undersigned recommends that the fees awarded for Ms. Wilson (0.2 hours) should be reduced from $48.00 to $30.00 (by $18.00), reflecting the reduced hourly rate of $150.00 per hour. Multiplying 0.2 hours times the adjusted rate results in an amount billed of $30.00, for a total fee in the amount of **$1,312.50**.

   c. *General Case Management & Client Communication*

  Plaintiff requests a fee in the amount of $1,311.00 related to general management of the case and communication. Counsel asserts that the hours expended (5.3 hours) includes handling of "routine matters connected with client communication […] and other matters necessary for the effective administration of the case." (Motion, p. 11).

| Timekeeper | Date | Hours Expended | Hours Billed | Amount Billed |
|---|---|---|---|---|
| Omar Melehy | 1/23/2024 | 0.1 | 0.1 | $67.50 |
| Emily Wilson | 2/2/2024 | 0.2 | 0.0 | $0.00 |
| Emily Wilson | 2/13/2024 | 0.5 | 0.3 | $72.00 |
| Andrew Balashov | 2/22/2024 | 0.3 | 0.0 | $0.00 |
| Emily Wilson | 2/22/2024 | 0.3 | 0.3 | $72.00 |
| Andrew Balashov | 2/27/2024 | 0.2 | 0.2 | $90.00 |
| Andrew Balashov | 2/28/2024 | 0.1 | 0.1 | $45.00 |
| Andrew Balashov | 2/29/2024 | 0.1 | 0.1 | $45.00 |
| Suvita Melehy | 2/29/2024 | 0.1 | 0.1 | $62.50 |
| Andrew Balashov | 3/1/2024 | 0.1 | 0.1 | $45.00 |
| Andrew Balashov | 3/6/2024 | 0.2 | 0.2 | $90.00 |
| Andrew Balashov | 3/8/2024 | 0.1 | 0.0 | $0.00 |
| Andrew Balashov | 3/11/2024 | 0.1 | 0.1 | $45.00 |
| Andrew Balashov | 3/18/2024 | 0.2 | 0.0 | $0.00 |
| Emily Wilson | 3/18/2024 | 0.7 | 0.7 | $168.00 |
| Andrew Balashov | 4/2/2024 | 0.2 | 0.1 | $90.00 |
| Emily Wilson | 4/2/2024 | 0.2 | 0.0 | $0.00 |
| Andrew Balashov | 4/5/2024 | 0.1 | 0.0 | $0.00 |
| Emily Wilson | 4/16/2024 | 0.1 | 0.0 | $0.00 |
| Suvita Melehy | 5/1/2024 | 0.1 | 0.1 | $62.50 |
| Emily Wilson | 5/2/2024 | 0.1 | 0.0 | $0.00 |
| Emily Wilson | 5/15/2024 | 0.1 | 0.0 | $0.00 |
| Andrew Balashov | 5/16/2024 | 0.1 | 0.0 | $0.00 |
| Suvita Melehy | 5/17/2024 | 0.1 | 0.1 | $62.50 |
| Andrew Balashov | 6/11/2024 | 0.1 | 0.0 | $0.00 |
| Emily Wilson | 9/11/2024 | 0.1 | 0.1 | $24.00 |
| Andrew Balashov | 2/10/2025 | 0.2 | 0.2 | $90.00 |
| Andrew Balashov | 2/11/2025 | 0.1 | 0.1 | $45.00 |
| Andrew Balashov | 2/12/2025 | 0.3 | 0.3 | $135.00 |
| Emily Wilson | 2/18/2025 | 0.1 | 0.0 | $0.00 |
| **Total Billed by Attorney(s)** | | | | $975.00 |
| **Total Billed by Paralegal(s)** | | | | $336.00 |
| **Total Amount Billed** | | | | $1,311.00 |

The undersigned finds that the entries in this category are descriptive enough and appear to be reasonable. However, the undersigned recommends that the fees awarded for Ms. Wilson (1.4 hours) should be reduced from $336.00 to $210.00 (by $126.00), reflecting the reduced hourly rate of $150.00 per hour. Multiplying 1.4 hours times the adjusted rate results in an amount billed of $210.00, for total fee in the amount of **$1,185.00.**

*d. Motions*

Plaintiff requests a fee in amount of $1,887.50 related to the Plaintiff's motions for Clerk's entry of default and default judgment. Counsel asserts the hours expended (7.9 hours) were in relation to drafting the motions for Clerk's entry of default and motion for default judgment, and all attachments thereto. (Motion, p. 11).

| Timekeeper | Date | Hours Expended | Hours Billed | Amount Billed |
|---|---|---|---|---|
| Andrew Balashov | 5/1/2024 | 0.1 | 0.1 | $45.00 |
| Emily Wilson | 5/1/2024 | 0.3 | 0.3 | $72.00 |
| Emily Wilson | 5/2/2024 | 0.2 | 0.0 | $0.00 |
| Andrew Balashov | 5/7/2024 | 0.2 | 0.0 | $0.00 |
| Omar Melehy | 5/7/2024 | 0.2 | 0.2 | $135.00 |
| Emily Wilson | 6/12/2024 | 1.2 | 1.2 | $288.00 |
| Emily Wilson | 6/14/2024 | 0.9 | 0.8 | $192.00 |
| Andrew Balashov | 6/19/2024 | 1.4 | 0.0 | $0.00 |
| Andrew Balashov | 6/21/2024 | 0.2 | 0.0 | $0.00 |
| Andrew Balashov | 6/24/2024 | 2.3 | 2.3 | $1,035.00 |
| Emily Wilson | 6/24/2024 | 0.9 | 0.5 | $120.00 |
| **Total Billed by Attorney(s)** | | | | $1,215.00 |
| **Total Billed by Paralegal(s)** | | | | $672.00 |
| **Total Amount Billed** | | | | $1,887.00 |

The undersigned finds that the entries in this category are descriptive enough and appear to be reasonable. Paralegals handled 3.5 of the 7.9 hours expended. Motions for Clerk's Entry of Default were filed on May 2, 2024. (ECF Nos. 7, 8). The Motion for Default Judgment was filed on June 24, 2024. (ECF No. 13). The undersigned also finds that the motions for default and default judgment were not particularly complex, so it is unclear why two attorney timekeepers needed to be involved. However, the undersigned only recommends that the fees awarded for Ms. Wilson (2.8 hours) be reduced from $672.00 to $420.00 (by $252.00), reflecting the reduced hourly rate of $150.00 per hour. Multiplying 2.8 hours times the adjusted rate results in an amount billed of $420.00, for total fee in the amount of **$1,635.00.**

   *e. Settlement*

  Plaintiff requests a fee in amount of $228.00 related to a settlement demand that was prepared and sent to the Defendants. Counsel asserts the hours expended (0.7 hours) were in done "in hopes of obviating the need for further litigation." However, "Defendants did not respond." (Motion, p. 11). At the time that the settlement demand was being prepared (June 24 – June 26, 2024), Plaintiff knew that the Defendants had been unresponsive, and that Notices of Default had been sent to the Defendants. (ECF Nos. 10, 11). In addition, Plaintiff has just filed her Motion for Default Judgment on June 10, 2024. (ECF No. 13). Thus, the undersigned recommends a full reduction of fees related to settlement in the amount of **$228.00**.

   *f. Fee Petition*

  Plaintiff requests a fee in amount of $1,365.00[6] related to the Plaintiff's Motion for Attorney's Fees. Counsel asserts the hours expended (3.8 hours) were in relation to drafting the motion and supporting documentation, including "a systematic review of the billing records […] and exercising billing judgement." (Motion, p. 12).

| Timekeeper | Date | Hours Expended | Hours Billed | Amount Billed |
|---|---|---|---|---|
| Felipe Veras | 4/19/2024 | 0.3 | 0.00 | $0.00 |
| Andrew Balashov | 6/25/2024 | 0.2 | 0.2 | $90.00 |
| Andrew Balashov | 2/19/2025 | 0.8 | 0.8 | $360.00 |
| Andrew Balashov | 3/14/2025 | 1.5 | 1.5 | $675.00 |
| Emily Wilson | 3/14/2025 | 1.0 | 1.0 | $240.00 |
| **Total Billed by Attorney(s)** | | | | $1,125.00 |
| **Total Billed by Paralegal(s)** | | | | $240.00 |
| **Total Amount Billed** | | | | $1,365.00 |

The Motion was supported with declarations and billing information. The undersigned does not find the amount of time spent drafting the Motion to be unreasonable. However, the undersigned

---

[6] As a preliminary matter, the motion requests $1,887.00, but the correct figure is $1,365.00.

recommends that the fees awarded for Ms. Wilson (1 hour) be reduced from $240.00 to $150.00 ($90.00), reflecting the reduced hourly rate of $150.00 per hour. Multiplying 1 hour times the adjusted rate results in an amount billed of **$150.00**, for a total fee in the amount of **$1,275.00**.

### B. Subtraction of Fees for Unsuccessful Claims

Plaintiff was awarded $11,794.76 of the $14,878.13 sought in the Motion for Default Judgment. (*See* ECF Nos. 13, p. 1; 18). Based on these facts, the undersigned does not recommend that a further reduction is warranted.

### C. Degree of Success

Plaintiff has been successful is seeking entry of default and default judgment in this case. (*See* ECF Nos. 9 - 11, 15, 18). Based on these facts, the undersigned does not recommend that a further reduction is warranted.

### D. Summary of Reductions

In sum, the undersigned recommends reductions as reflected below:

| Description | Fee Requested | Amount of Reduction | Recommended Fee Award |
| --- | --- | --- | --- |
| Pre-Filing Investigation | $1,276.50 | $99.00 | $1,177.50 |
| Pleadings | $1,330.50 | $18.00 | $1,312.50 |
| General Case Management & Client Communication | $1,311.00 | $126.00 | $1,185.00 |
| Motions | $1,887.00 | $252.00 | $1,635.00 |
| Settlement | $228.00 | $228.00 | $0.00 |
| Fee Petition | $1,365.00 | $90.00 | $1,275.00 |
| **Totals** | $7,398.00 | $813.00 | $6,585.00 |

The undersigned recommends that the district court award Plaintiff attorneys' fees in the amount of **$6,585.00**.

### E. Allocation of Fee Award

On April 8, 2025, the Court entered Judgment against the Defendants, jointly and severally. (ECF No. 22). The undersigned recommends that the district court allocate the award of attorneys' fees across the Defendants, jointly and several.

### F. Costs

In an FLSA case, a prevailing party may also recover costs, but "only for reasonable litigation expenses." *Jones v. Dancel*, 792 F.3d 395, 404 (4th Cir. 2015)(quoting *Daly v. Hill*, 790 F.2d 1071, 1084 (4th Cir. 1986)); *see also Spell v. McDaniel,* 852 F.2d 762, 771 (4th Cir. 1988)(costs that may be taxed against a losing defendant include reasonable out-of-pocket expenses incurred by the attorneys).

An award of costs "must adequately compensate counsel without resulting in a windfall." *Daly*, 790 F.2d at 1084 n.18. Courts within the Fourth Circuit have the same discretion in awarding costs as they do when awarding attorneys' fees. *Roy v. Cnty. of Lexington, S.C.*, 141 F.3d 533, 549 (4th Cir. 1998). In addition, federal law and the Local Rules provide for certain reimbursable expenses. *See* 28 U.S.C. § 1920; Loc. R. App. B, ¶ 4.

The following are examples of the categories of costs that have been charged to losing defendants: "necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying." *Almendarez v. J.T.T. Enters. Corp.,* Civ. No. JKS-06-68, 2010 WL 3385362, at *7 (D. Md. Aug. 25, 2010) (citing *Vaughns v. Bd. of Educ. of Prince George's County,* 598 F. Supp. 1262, 1289–90 (D. Md. 1984)).

Plaintiff seeks costs in the amount of $835.95. To substantiate her costs, Plaintiff submitted a Summary of Costs plus supporting documentation. (ECF No. 19-6). Plaintiff seeks reimbursement for photocopies ($47.00), postage ($11.98), online research ($11.97), the filing fee

($405.00), and fees incurred for service of process upon the Defendants ($360.00). The undersigned finds that the costs are compensable under *Almendarez*, the Local Rules (Loc. R. App. B., ¶¶ 4a., c.), and the United States District Court for the District of Maryland: Guidelines for Bills of Costs, Sections II.A., G.-H. and III.  The filing fee for the Complaint is compensable. *See* 28 U.S.C. § 1920(1); *see also* Guidelines for Bills of Costs, Section II.B.

Accordingly, the undersigned recommends that the district court award Plaintiff costs in the amount of **$835.95**.

## IV.   CONCLUSION

In sum, I respectfully recommend that the district court:

1) **GRANT IN PART AND DENY IN PART**, Plaintiff's Motion for Award of Attorney's Fees and Costs, (ECF No. 19); and

2) **AWARD** the Plaintiff attorneys' fees in the amount of **$6,585.00**, and costs in the amount of **$835.95**.

Date: November 26, 2025                                   /s/
                                                The Honorable Gina L. Simms
                                                United States Magistrate Judge